(109 So. 46)

No. 27617.

RHODES v. JACKSON.

(May 31, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Landlord and tenant** ⬯150(1)—**Lessor of hotel held liable for repairs to plumbing, gas fixtures, soda water fountain, and connections made necessary by natural wear and decay (Civ. Code, arts. 2692, 2693, 2716, 2717).**

Under lease of hotel to be run as such, lessor *held* required to repair premises, including plumbing, gas fixtures and connections, as well as soda water fountain and its connections, which was made necessary by natural wear and decay, in view of Civ. Code, arts. 2692, 2693, and 2717, and notwithstanding lessee's duty to make certain repairs under article 2716.

2. **Landlord and tenant** ⬯223(7).

Lessee of hotel making repairs for which lessor was liable and had refused to make is entitled to deduct cost from rent when it became due.

3. **Landlord and tenant** ⬯223(7)—**Lessee of hotel making repairs for which landlord was liable need not prove their necessity and reasonableness before deducting amount from rent (Civ. Code, art. 2694).**

Lessee of hotel making repairs for which lessor was liable and had refused to make need not prove that repairs were indispensable and amount paid just and reasonable before deducting amount from rent, notwithstanding Civ. Code, art. 2694.

4. **Landlord and tenant** ⬯223(7).

When lessee of hotel is sued for rent, right to deduction for repairs proved upon trial takes effect as of date lessee elected to make it, in view of Code Prac. art. 20.

5. **Landlord and tenant** ⬯223(7)—**To be deductible from rent, amount paid by lessee for repairs need not be equally liquidated with rent.**

Lessee of hotel electing to deduct repairs for which lessor was liable from rent may do so, although amount paid for repairs is not equally liquidated with amount due for rent.

6. **Landlord and tenant** ⬯223(7)—**Lessee of hotel making repairs from time to time for which lessor was liable might wait until amount was sufficient to offset an entire payment for rent before making deduction.**

Lessee of hotel making repairs for which lessor was liable from time to time during two years *held* not required to deduct cost from rent from month to month, but might wait until amount was sufficient to offset an entire payment for rent before making deduction.

Appeal from Seventeenth Judicial District Court, Parish of Terrebonne; Robert B. Butler, Judge.

Action by Linsey J. Rhodes against Micajah R. Jackson. Judgment for defendant, and plaintiff appeals. Amended, and as amended affirmed.

Harris Gagne, of Houma, for appellant.

Ellender & Ellender, of Houma, for appellee.

OVERTON, J. Plaintiff leased to defendant a two-story brick building, which was used as a hotel, and a one-story building, adjoining it, which was used as a restaurant. The lease includes, according to an admission, made on the trial, not only these buildings, but also a soda water fountain and its connections, in one of the buildings, and, as might have been assumed without the admission, though included in it for special reasons hereafter appearing, the bathroom fixtures; the lavatories; the boiler and boiler room; the gas and electric fixtures; and all connections belonging to the same.

The lease was for a term of five years. The rent was made payable monthly in installments of $200; the installments being represented by notes, made by defendant,

payable to his own order, and indorsed by him in blank. The lease contains a provision to the effect that the failure to pay any one of the notes at maturity shall cause all of those remaining to fall due.

Defendant paid each note as it matured, until March 1, 1925, which was nearly two years after the lease was made. He refused to pay the note maturing on that date. Plaintiff, because of this refusal, treated the remaining notes, which are 37 in number, as due, and brought the present suit upon them, and on the one which matured March 1, 1925. At the same time he sued out a writ of provisional seizure and seized the contents of the two buildings. The writ was dissolved on bond by defendant two or three days after the seizure was made.

The reason why defendant refused to pay the note that matured March 1, 1925, is that he claims that he did not owe it, for the reason that from the time he took possession of the property, or soon thereafter, until February 28, 1925, it became necessary periodically to make repairs on the property leased, which were indispensable, and which it was the duty of plaintiff to make; that he demanded of plaintiff that he make these repairs, but that plaintiff failed or refused to make them; that he made them after so demanding of plaintiff; that the costs of the repairs aggregate $204.42; that he had the right to retain the rent falling due on March 1, 1925, amounting to $200, to apply on the repairs so made; that he exercised that right; and hence that he does not owe the note for the month mentioned, which was insufficient to pay for the repairs.

[1] One of plaintiff's positions is that the repairs were not such as the lessor is required to make. The repairs were to the premises leased, including the cesspool, the lavatories, and connections; the bathroom fixtures and their connections; the gas fixtures and their connections; and other similar fixtures and connections, as well as the soda water fountain and its connections. The repairs were made necessary, we judge from the evidence, by natural wear and decay.

The premises were leased to be used as a hotel and restaurant, and apparently were being so used at the time the present lease was made. Among the obligations of the lessor are those "to maintain the thing in a condition such as to serve for the use for which it is hired," and "to make, during the continuance of the lease, all the repairs which may accidentally become necessary; except those which the tenant is bound to make as hereafter directed." Civil Code, arts. 2692, 2693. The repairs which the lessee is directed to make are those to the hearth, to the backs of chimneys, and chimney casings; to the plastering of the lower part of interior walls; to the pavement of rooms, when it is but partially broken, but not when it is in a state of decay; the replacing of window glasses, when broken accidentally, but not when broken either in whole or in their greatest part by a hailstorm or by any other inevitable accident; and the repairs to windows, shutters, partitions, shop windows, locks and hinges, and everything of that kind, according to the custom of the place. Civil Code, art. 2716.

"The expenses of the repairs, which unforeseen events or decay may render necessary, must be supported by the lessor, though such repairs be of the nature of those which are usually done by the lessee." Civil Code, art. 2717.

In our opinion, the repairs made were of such a nature as the lessor was called upon to make.

The law also provides that, if the lessor does not make the repairs which may accidentally become necessary, except those which the tenant is bound to make, the lessee may call on him to make them, and if the lessor should refuse or neglect to make them,

the lessee may cause them to be made, "and deduct the price from the rent due, on proving that the repairs were indispensable, and that the price which he has paid was just and reasonable."

[2] The evidence shows that defendant made demand on plaintiff, in writing in some instances, and in others verbally, in the presence of witnesses, to make the repairs. It also shows that plaintiff failed to make the repairs; that they were indispensable; that, upon plaintiff's failure to make them, defendant caused them to be made; and that the amounts paid by defendant for the repairs were reasonable and just. We therefore conclude that defendant had the right to deduct them from the rent.

[3, 4] But plaintiff contends that, even if defendant should have the right to make the deduction, still this right does not come into existence until proof is made that the repairs were indispensable and that the amount paid for them was just and reasonable, and since, when the note fell due, defendant had made no such proof, he had no right to refuse to make payment of the note, and that, having erroneously refused to make such payment, all of the remaining notes, under the terms of the lease, fell due. While the law, article 2694 of the Civil Code, grants the right to make the deduction "on proving that the repairs were indispensable, and that the price which he [the lessee] has paid [for the repairs] was just and reasonable," still the law, or, to be more specific, the article cited, does not mean, by using the expression quoted, that the lessee cannot rightfully refuse to pay the rent to the extent of the repairs made, until proof is made of the conditions mentioned. To give the article that interpretation would, in many instances, especially in short leases, defeat the right conferred. The law is fully satisfied if the lessee, when sued for the rent, establishes his right to the deduction, and on making such proof the deduction takes effect as of the date the lessee elected to make it. See, in this connection, Code of Practice, art. 20.

[5] Plaintiff also contends, in a supplemental brief, that defendant's right to make the deduction depends upon the cost of the repairs being equally liquidated with the claim for rent, and that the former must have been so liquidated on the day the rent fell due. This, we think, is incorrect. The law attaches no such condition to the right to make the deduction. It gives the right to make it without reference to whether or not the amount paid for the repairs is equally liquidated with the rent. It may be said, in passing, that defendant has asserted his right to make the deduction by way of reconvention.

[6] The contention is also made that defendant had no right to refrain from deducting the cost of repairs from month to month, and then to make the deduction nearly two years after the first repairs were made, and that by so acting he has forfeited his right to make it. All that defendant has done is to desist from deducting the amount paid by him for the repairs, though apparently not from making demand on plaintiff for the amounts so paid, until sufficient accrued to extinguish one month's rent. Plaintiff has suffered no injury thereby. There is no merit in this contention.

There are two other demands upon which defendant asks for judgment in reconvention against plaintiff. One of them, a small item, was allowed in full, and the other was allowed to the extent of $25. These are not discussed in plaintiff's brief, and defendant is not complaining of the judgment rendered. We find no error in their allowance.

We are of opinion that the judgment appealed from should be affirmed, after amending it by reserving to plaintiff the right to sue on any of the notes declared on herein which have matured, or which will mature, after March 1, 1925. We think that the judgment should be amended in the respect

mentioned, because it rejects absolutely, as to the remaining notes, plaintiff's demand, when the only reason why plaintiff was not granted judgment on the notes maturing after March 1, 1925, was that, as defendant had the right to extinguish the note maturing March 1st by making the deduction mentioned, plaintiff had no right to treat them as matured. However, we understand that the judgment has been interpreted by defendant consistently with the amendment, which we think should be made, for the record informs us that defendant has been depositing in court to plaintiff's order the amount of each of the remaining notes as it matured, and plaintiff must have taken the same view, for he has not suggested the amendment mentioned.

For the reasons assigned, the judgment appealed from is amended by reserving to plaintiff whatever right he may have to sue on any one of said notes which has matured since March 1, 1925, or which will mature after that date, and as thus amended it is affirmed; appellant to pay the costs.